WO                                                                                          KM

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Deeandre Moore, | No. CV-13-1418-PHX-GMS (MHB) |
| Plaintiff, | |
| vs. | **ORDER** |
| Brent Hamas, et al., | |
| Defendants. | |

Plaintiff Deeandre Moore, who is confined in the Maricopa County Fourth Avenue Jail, has filed a *pro se* civil rights Complaint pursuant to *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971) (Doc. 1). Because Plaintiff is a state detainee suing state officers, the Court will treat the action as filed pursuant to 42 U.S.C. § 1983. *See Antoine v. Byers & Anderson, Inc.*, 950 F.2d 1471, 1473 (9th Cir. 1991) (court may ignore plaintiff's initial mischaracterization of action against federal agents as section 1983 action), *rev'd on other grounds*, 508 U.S. 429 (1993).

Plaintiff has also filed an Application to Proceed *In Forma Pauperis* (Doc. 2). The Court will dismiss this action.

**I.      Application to Proceed *In Forma Pauperis* and Filing Fee**

Plaintiff's Application to Proceed *In Forma Pauperis* will be granted. 28 U.S.C. § 1915(a). Plaintiff must pay the statutory filing fee of $350.00. 28 U.S.C. § 1915(b)(1). The Court will assess an initial partial filing fee of $16.95. The remainder of the fee will be collected monthly in payments of 20% of the previous month's income each time the

amount in the account exceeds $10.00.  28 U.S.C. § 1915(b)(2).  The Court will enter a separate Order requiring the appropriate government agency to collect and forward the fees according to the statutory formula.

**II.     Statutory Screening of Prisoner Complaints**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2).

A pleading must contain a "short and plain statement of the claim *showing* that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2) (emphasis added).  While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Id.*

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.*  "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  *Id.* at 679.  Thus, although a plaintiff's specific factual allegations may be consistent with a constitutional claim, a court must assess whether there are other "more likely explanations" for a defendant's conduct.  *Id.* at 681.

But as the United States Court of Appeals for the Ninth Circuit has instructed, courts must "continue to construe *pro se* filings liberally."  *Hebbe v. Pliler*, 627 F.3d 338,

1 342 (9th Cir. 2010). A "complaint [filed by a *pro se* prisoner] 'must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Id.* (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (*per curiam*)).

If the Court determines that a pleading could be cured by the allegation of other facts, a *pro se* litigant is entitled to an opportunity to amend a complaint before dismissal of the action. *See Lopez v. Smith*, 203 F.3d 1122, 1127-29 (9th Cir. 2000) (*en banc*). The Court should not, however, advise the litigant how to cure the defects. This type of advice "would undermine district judges' role as impartial decisionmakers." *Pliler v. Ford*, 542 U.S. 225, 231 (2004); *see also Lopez*, 203 F.3d at 1131 n.13 (declining to decide whether the court was required to inform a litigant of deficiencies). Plaintiff's Complaint will be dismissed for failure to state a claim, without leave to amend because the defects cannot be corrected.

**III. Complaint**

Plaintiff names the following Defendants in the Complaint: Assistant Maricopa County Prosecutor Brent Hamas, Maryvale Police Officer Bradley, and Manager of P.L.S. Check Cashers Martisa Quatarro.

Plaintiff raises three claims for relief. In Count One, Plaintiff alleges that Defendant Hamas violated his Fourteenth Amendment rights when Defendant Hamas "neglected false issues of material facts in a court of law." Plaintiff claims that he was arrested without probable cause and that the arresting officers searched him twice before advising him that he was under arrest.

In Count Two, Plaintiff claims his Fourth, Fifth, Sixth, and Fourteenth Amendment rights were violated when Defendant Bradley and Maryvale Police Officer Flores "filed a false sworn certification of probable cause for arrest in order to cover up the false report of a forgery in progress made November 4, 2012." Plaintiff claims the officers "did not ask [him] for identification, officers search[ed] [him] twice without informing [him] what the cause for arrest was. Officers found a small baggy on the ground and wrote in their certification statement that it was allegedly [Plaintiff's]."

1 Plaintiff claims that the officers stated in their report that Plaintiff introduced a forged 2 document, but that he was not arrested on forgery charges.

3 In Count Three, Plaintiff claims Defendant Quantarro "neglected to [intervene] 4 when the P.L.S. shift supervisor name[d] Karla filed a false report to Maryvale dispatch 5 police on November 4, 2012."

6 Plaintiff seeks money damages.

**IV. Failure to State a Claim**

### A. Count One–Defendant Hamas

Although *pro se* pleadings are liberally construed, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), conclusory and vague allegations will not support a cause of action. *Ivey v. Board of Regents of the University of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). Further, a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled. *Id*. Plaintiff's allegation that Defendant Hamas "neglected false issues of material facts in a court of law" is extremely vague and fails to describe exactly what Defendant Hamas did or failed to do.

Further, prosecutors are absolutely immune from liability under § 1983 for their conduct in "initiating a prosecution and in presenting the State's case" insofar as that conduct is "intimately associated with the judicial phase of the criminal process." *Buckley v. Fitzsimmons*, 509 U.S. 259, 270 (1993) (citing *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976)); *Burns v. Reed*, 500 U.S. 478, 486 (1991); *Ashelman v. Pope*, 793 F.2d 1072, 1076 (9th Cir. 1986). Immunity extends to prosecutors for "eliciting false or defamatory testimony from witnesses" or for making "false or defamatory statements during, and related to judicial proceedings." *Buckley v. Fitzsimmons*, 509 U.S. 259, 270 (1993) (citations omitted). This immunity also includes liability for suppression of evidence *at trial*. *Paine v. City of Lompoc*, 265 F.3d 975, 982 (9th Cir. 2001) (emphasis in original). Accordingly, Plaintiff has failed to state a claim in Count One.

### B. Count II

To establish that he was wrongly arrested in violation of the Fourth Amendment,

Plaintiff must show that Defendants made the arrest without probable cause. *Dubner v. City & County of San Francisco*, 266 F.3d 959, 964 (9th Cir. 2001). Probable cause exists when, taking together the totality of circumstances known to the arresting officer, a prudent person would conclude that there was a fair probability that the arrested person committed a crime. *Gasho v. United States*, 39 F.3d 1420, 1428 (9th Cir. 1994). If a Defendant had probable cause, Plaintiff's arrest was lawful regardless of the officer's subjective motivation. *Tatum v. City & County of S an Francisco*, 441 F.3d 1090, 1094 (9th Cir. 2006). Finally, "[p]robable cause supports an arrest so long as the arresting officers had probable cause to arrest the suspect for any criminal offense, regardless of their stated reason for the arrest." *Edgerly v. City & County of San Francisco*, 495 F.3d 645, 651-52 (9th Cir. 2007).

Plaintiff argues that Defendant Bradley lacked probable cause to arrest Plaintiff because Plaintiff was ultimately not charged with forgery. However, as noted above, probable cause supports an arrest so long as there was probable cause to arrest the suspect for any criminal offense. Plaintiff therefore fails to state a claim in Count Two.

### C. Count Three

To state a claim under § 1983, a plaintiff must: (1) "allege a violation of his constitutional rights"; and (2) "show that the defendant's actions were taken under color of state law." *Gritchen v. Collier*, 254 F.3d 807, 812 (9th Cir. 2001) (citing *Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155-56 (1978)). "Acting under color of state law is 'a jurisdictional requisite for a § 1983 action.'" *Id.* (quoting *West v. Atkins*, 487 U.S. 42, 46 (1988)). Private parties generally do not act under color of state law, and are properly dismissed from a § 1983 action unless the plaintiff establishes by more than conclusory allegations that the private party was somehow a state actor. *Price v. State of Hawaii*, 939 F.2d 701, 707-08 (9th Cir. 1991).

Although private parties who are jointly engaged with state officials in the challenged action are acting under color of law, *Collins v. Womancare*, 878 F.2d 1145, 1154 (9th Cir. 1989), "merely complaining to the police does not convert a private party

into a state actor. Nor is execution by a private party of a sworn complaint which forms the basis of an arrest enough to convert the private party's acts into state action" *Id.* at 1155 (citations omitted). Additionally, a "police officer's issuance of citations based on the citizen's arrest does not constitute joint action." *Id.* at 1156.

Defendant Quatarro is not a state actor and Plaintiff therefore fails to state a claim against her in Count three.

**V.     Dismissal without Leave to Amend**

The Court will dismiss the Complaint and this action because Plaintiff's claims cannot be saved by amendment. *See Lopez*, 203 F.3d at 1127 (leave to amend should be granted unless the district court "determines that the pleading could not possibly be cured by the allegation of other facts").

**IT IS ORDERED:**

(1)     Plaintiff's Application to Proceed *In Forma Pauperis* (Doc. 2) is **granted**.

(2)     As required by the accompanying Order to the appropriate government agency, Plaintiff must pay the $350.00 filing fee and is assessed an initial partial filing fee of $16.95.

(3)     The Complaint (Doc. 1) is **dismissed** for failure to state a claim pursuant to 28 U.S.C. § 1915A(b)(1), and the Clerk of Court must enter judgment accordingly.

(4)     The Clerk of Court must make an entry on the docket stating that the dismissal for failure to state a claim may count as a "strike" under 28 U.S.C. § 1915(g).

. . .

. . .

. . .

. . .

. . .

. . .

. . .

(5) The docket shall reflect that the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3) and Federal Rules of Appellate Procedure 24(a)(3)(A), that any appeal of this decision would not be taken in good faith.

Dated this 15th day of October, 2013.

*/s/ A. Murray Snow*
G. Murray Snow
United States District Judge